### PEOPLE v. GIBSON et al.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

1. BRIBERY—ELEMENTS OF OFFENSE.
   Though under the statute it is a crime for a public officer either to ask for a bribe or to agree to receive a bribe to influence his official action, the people, instead of prosecuting him for either, may elect to prosecute him for asking for, agreeing to receive, and receiving a bribe as one offense.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Bribery, §§ 1–3.]

2. CRIMINAL LAW—LIMITATION OF PROSECUTIONS—BRIBERY.
   The asking by an officer for a bribe, the agreement to receive a bribe, his action in pursuance to the agreement, and the receiving by him of the bribe, are one transaction; and a criminal prosecution is not barred, though the only act done within five years previous to the finding of the indictment was the receiving of the bribe.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 273–275.]

3. BRIBERY—EVIDENCE—SUFFICIENCY.
   On a trial for bribery, evidence *held* to support a conviction.

Appeal from Trial Term, Wyoming County.

Byron D. Gibson and another were convicted of bribery, and they appeal, and bring up for review the order overruling a demurrer to the indictment, the exceptions taken to the admission and rejection of evidence, to the charge and refusal to charge, and to the refusal to grant a new trial on the ground that the verdict was contrary to the weight of the evidence. Affirmed.

The defendants were indicted on the 27th day of March, 1906, for having received a bribe on or about the 25th day of June, 1901, which was intended to influence and did influence their action in the board of supervisors of Erie county, of which they were members. The contention on the part of the defendants is that such crime, if any, committed by them, was committed more than five years before the indictment was found, and therefore was outlawed or barred by the statute of limitations; also that the exceptions taken present reversible error; and, further, that the verdict was contrary to and against the weight of the evidence.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Willard H. Ticknor, for appellants.

Frank A. Abbott, Dist. Atty., for the People.

McLENNAN, P. J. Upon the merits and after a careful examination of the entire evidence we think the jury were justified in finding that the defendants were guilty of having asked for, agreed to receive, and in fact did receive, a bribe which influenced their action as members of the board of supervisors of Erie county. We are also constrained to hold that no ruling of the learned trial court as to the admission or rejection of evidence, or as to the charge or refusal to charge as requested, was error, or at least such as should disturb the finding of the jury upon the main issues involved. Upon the merits we conclude that the defendants had a fair trial and that their rights were reasonably protected by the rulings of the learned trial judge.

This leads us only to consider whether the demurrer to the indictment should not have been sustained because, as it is alleged, it appears upon the face of the indictment that the asking for a bribe, the agreement to receive a bribe, and the action of the defendants thereunder and in pursuance of such asking and agreement, having taken place more than five years before the indictment was found, the crime was outlawed, notwithstanding the sum paid in consummation of such crime was paid within the five years previous to the finding of the indictment. Under the statute it is undoubtedly a crime for an official, such as were the defendants, to ask for a bribe. It is equally a crime for such officials to agree to receive a bribe to influence their official action. In the case at bar both of these acts, the asking for and the agreement to receive, and the action of the defendants pursuant to such agreement, occurred more than five years previous to the indictment, and, if that were all, clearly such crime was barred by the five-year statute of limitations. But it is alleged in the indictment that such bribe was actually received within the five years previous to the indictment, and so it is urged that the date of receiving the bribe was the date when the crime was consummated, and so the crime was not barred by the statute. We think this is the logical and sensible conclusion to be reached, that all the circumstances enumerated, to wit, the asking for the bribe, the agreement to receive the bribe, the voting for the proposition desired, and the receiving of the bribe, all constituted one single transaction, and that the receiving was the consummation of the wicked scheme inaugurated by the asking, and that, the act which constituted the consummation of the act being within the five years, it is entirely immaterial that the initiative of such crime originated months, or even years, before.

It is undoubtedly true, as suggested by the able counsel for the appellants, that they could have been indicted for asking for a bribe which would influence their action as supervisors, and equally so if they had entered into an agreement by which they were to receive any consideration for their action as supervisors; but we think the people had the right to put those acts together, and declare that the asking, the agree-

ment, and the receiving constituted one crime, to wit, the crime of bribery, and that the receiving, which was the consummating act, having been performed within the five years, the whole wicked transaction was saved from the defense of the statute of limitations. In the case at bar there is hardly a pretense made that the defendants are not guilty upon the merits of the crime with which they are charged. Indeed, the agreement, dated "Buffalo, March 25, 1901," signed by Conover, the contractor, the authenticity of which is not disputed, would seem to put that question beyond dispute. In that agreement it is said:

"It is understood between R. J. Conover, Chas. N. Brayton, Wm. B. Jackson, and Byron D. Gibson that sixty-seven cents per body from the North St. Cemetery shall be divided equally between them; payment to be made as fast as warrants are paid."

A balder case of bribery or corrupt agreement between officials could hardly be imagined; and, further, the documentary evidence clearly shows that such officials received the percentage provided for by such agreement. It is hardly seriously contended that any ruling made by the court, even if technically erroneous, could have influenced the jury in reaching the conclusion which they did upon that proposition. In other words, the evidence, practically uncontradicted, leads most unerringly to the conclusion that the defendants, as members of the board of supervisors of Erie county, received or were promised certain moneys in order to support and put through a certain resolution pending before such board, which would inure to their benefit and under which, if passed, they were to be the chief beneficiaries. The vouchers, the letters, practically every item of evidence which is of record, and which is uncontradicted, establishes that fact beyond a cavil of doubt.

We conclude that the asking for a bribe by the defendants, the agreement on their part to receive a bribe, and the receiving of such bribe, constituted one transaction, and that, the overt act, to wit, the receiving of the bribe, having occurred within five years previous to the finding of the indictment, the statute of limitations did not prevent an indictment and punishment for the offense. It would seem that we might as well repeal the statute which seeks to prevent the crime of bribery as to hold that an agreement to pay an official which shall influence his vote may outlaw and cease to be an offense in case the date of payment is sufficiently long postponed. The payment is the overt act which is the consummation of the crime, and we think that the statute only commences to run from the date of such act. We conclude that the defendants' demurrer to the indictment was properly overruled, that no error requiring a reversal of the judgment is presented by any rulings of the court, and that the verdict of the jury finding the defendants guilty of the crime charged in the indictment was amply supported by the evidence; and as a result we conclude that the judgment and order appealed from should be affirmed.

Judgment of conviction, and order overruling demurrer, affirmed. All concur.